IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHNATHON JAMES BEAVER,**  **PLAINTIFF**
**ADC #156658**

V.                    CASE NO. 4:20-CV-47-BRW-BD

**GARCIA,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to Judge Billy Roy Wilson. Mr. Beaver may file written objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Beaver may waive any right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Johnathon James Beaver, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Beaver alleges that he was left in an unsanitary cell without running water or cleaning products for 24 to 36 hours in September of 2018.

B.  Standard

Before ordering service of process, federal courts must review prisoner complaints that seek relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). After assessing the complaint, the Court must dismiss claims that fail to adequately state claims for relief. 28 U.S.C. § 1915A(b). As explained below, Mr. Beaver's complaint should not move forward because his allegations, even if true, fail to state federal claims.

C.  Conditions of Confinement

Mr. Beaver alleges that an inmate housed in a cell close to him flooded his cell. The water from the neighboring cell came into his cell and appeared brown. Mr. Beaver assumed the water contained excrement. ADC officers turned off the water to Mr. Beaver's cell; and even though Mr. Beaver requested cleaning supplies, he was not provided those supplies until the following day. Mr. Beaver also complains that he was forced to eat in the unsanitary conditions.

To state a claim that his conditions of confinement were unconstitutional, Mr. Beaver must allege that he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety. In addition, he must state fact showing that the Defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than mere negligence and is defined as a "reckless disregard of the known risk." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Under current case law, exposure to human waste for a short time does not rise to the level of a constitutional violation. *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (no constitutional violation where detainee slept six nights on the floor next to a toilet); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation from detainee's exposure to "raw sewage" from an overflowing toilet for four days); and *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (no constitutional violation from exposure to "deplorable" unsanitary cell conditions for "not more than 24 hours"). The Court of Appeals for the Eighth Circuit has held that conditions worse than those Mr. Beaver endured were not severe enough to support a constitutional claim for relief. Thus, Mr. Beaver's allegations, even if true, fall short of stating a constitutional violation.

### III. Conclusion:

The Court recommends that Mr. Beaver's claims be DISMISSED, with prejudice. The Court further recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED, this 16th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE